## Arthur Keithley, Appellant, v. City of Peoria, Appellee.

### Gen. No. 5,933.    (Not to be reported in full.)

Appeal from the County Court of Peoria county; the Hon. CLYDE E. STONE, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed March 9, 1915.

### Statement of the Case.

Action by Arthur Keithley, plaintiff, against City of Peoria, defendant, to recover for damages claimed to have been done to residence property by lowering the grade of the street in front of it. The action was commenced in a justice's court, from which it was taken to the County Court in which there was a verdict and judgment for defendant. From this judgment, plaintiff appeals.

The facts disclosed by the evidence show that in the spring of 1903 the then owner of the property laid a six-foot cement sidewalk in front of it. The sidewalk was laid with permission from the city authorities at a grade designated by them for that walk, and corresponding with the grade of the continuation of this walk at each end. The owner of the lot graded it, made a driveway at one side and laid a cement walk from the house to the sidewalk, all in conformity with the grade of the sidewalk. Afterwards, in the same year, plaintiff purchased the property and has ever since been in possession of it by his tenant.

In 1910 the city passed an ordinance for the paving of the street with brick, and cement curb. The ordinance in specifying the grade referred to the grade of the street "as heretofore established;" but the evidence showed that the city had not theretofore established a grade for that street at that place, and that all it had done in that direction was to dictate the

grade at which the sidewalk should be laid, and maintain the street in front of it at perhaps varying grades, caused by working the dirt street. The paving was completed in the fall of 1911. Plaintiff's main contention is that he was injured by lowering the street when the paving was laid in 1911. Evidence tends to support his claim, that when the sidewalk was laid in 1903, it was on a level with or lower than the street in front of it; that there was a sewer laid in the street in 1908 or 1909, and at that time the grade of the street was substantially lowered; that when this pavement was put in, there was another lowering of the street so that it became impossible to drive heavy loads from the street onto his premises, and practically destroying his means of egress and ingress so that he would be compelled at considerable expense to rearrange and regrade his lot. There is a conflict of testimony as to the grade of the street at the time the sidewalk was built, and from that time to the time when the pavement was laid. It appears without contradiction that before the pavement was laid there was a gutter of brick, or brick and stone, along the side of the street next to plaintiff's premises, and that the water had washed it out in front of his driveway so that a wooden bridge was required, and kept there, to enable teams to drive from the street onto the driveway. This was the condition at all times after the sewer was put in, and for some time before, but for how long, there is some conflict in the evidence. There is evidence that plaintiff has much better and easier access to his property from the street now than at any previous time within the five-year limitation; and it is shown he could not, either after the pavement was put in or for several years before that time, drive from the street onto his premises without making use of a bridge projecting from his street line into the street; and the evidence shows that the present cement gutter is not so low by six inches as was the old brick

gutter that was maintained there before the pavement was laid. Plaintiff contends that defendant should be held to have established a grade to the street before the time of the paving ordinance, because it recites in that ordinance that there was an established grade, and because it did establish the grade of the sidewalk built in 1903, and in the absence of other evidence, that should be held to control the grade of the street. There is some evidence that as a rule there was a certain distance maintained between the grade of the street and the sidewalk as a matter of practice; but the evidence shows that in defendant city there was no fixed and uniform rule as to those respective grades.

At the request of plaintiff, the jury were instructed that if defendant gave a grade in front of the property and a sidewalk was built according to that grade, and at any time within five years prior to the commencement of the suit, defendant changed such grade in a way to injure plaintiff's property, then defendant was liable; that the right of ingress and egress is protected by the constitution, and if defendant in making the improvement damaged plaintiff's right to pass to and from his property, then it was liable; that if they believed defendant changed the grade of the street in front of plaintiff's property, and by so doing damaged his property, then the defendant was liable, and that it is no defense that defendant in so doing was operating under a valid ordinance; that it was the duty of defendant to keep the street in front of plaintiff's property in a reasonably safe condition, and if the grade of the street has been changed so as to injure plaintiff's property, then defendant was liable, regardless of whether plaintiff was required to bridge the gullies in the street before it was paved in order to get to and from his property. And the court refused to instruct for plaintiff, that if defendant had changed the grade and damage has resulted to plaintiff's property, that it was liable even if the roadway

of the street was lower before it was paved than it was after. The refusal of this instruction is complained of. The jury were instructed, however, that any change in the grade of the street that damaged plaintiff's property was actionable.

The court instructed the jury, at the instance of plaintiff, that if the street was lower than the sidewalk before it was graded, there was no obligation on defendant to raise it to the level of the sidewalk. That defendant was not bound to grade its streets to afford access with teams into adjoining property where such access could not be had before the streets were graded, and that if the street in question before it was graded was in such condition that plaintiff could not drive into his property without the use of a bridge extending into the street, that it had the right to remove the bridge and was under no obligation to place the street in condition so that plaintiff could drive onto his property without a bridge; and that the plaintiff had no right to maintain the bridge leading from the sidewalk line into the street and could not base any claim for damages on the action of defendant in removing it.

The evidence was conflicting on the question whether the market value of the premises was lessened by the improvement of the street.

GILES E. KEITHLEY, for appellant.

R. H. RADLEY, for appellee.

MR. PRESIDING JUSTICE CARNES delivered the opinion of the court.

### Abstract of the Decision.

1. MUNICIPAL CORPORATIONS, § 892*—*when recital in ordinance insufficient to show establishment of street grade.* The recital in an

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ordinance that the grade of a street has been previously established will not prevail over evidence which shows that no grade had been established.

2. MUNICIPAL CORPORATIONS, § 892*—*when burden on plaintiff to show grade which had been changed.* In an action against a city to recover damages alleged to have been caused by a change of an established grade, it is a part of plaintiff's case to show what the grade was.

3. APPEAL AND ERROR, § 1561*—*when refusal of instruction covered by other instruction harmless.* The refusal to give an instruction which is covered in substance by other instructions given is harmless error.

4. MUNICIPAL CORPORATIONS, § 892*—*when instruction as to damage by change of grade incorrect.* An instruction that any change of the street grade that damaged plaintiff's property was actionable is incorrect as an abstract proposition.

5. APPEAL AND ERROR, § 1526*—*when action of court in regard to instructions harmless error.* Action of court in regard to giving and refusing instructions asked, *held* to be harmless error in view of the evidence.

6. MUNICIPAL CORPORATIONS, § 892*—*when damage not caused by change of street grade.* In an action against a city to recover damages alleged to have been caused by a change of street grade, evidence examined and *held* to support a finding that there was no special damage to plaintiff's property occasioned by any act of defendant within the five-year period of limitations.

---

⁴ See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.